IN THE UNITED STATES BANKRUPTCY COURT
FOR THE CENTRAL DISTRICT OF ILLINOIS

IN RE: )
)
JOHN FREDERICK PALMER and ) Bankruptcy Case No. 04-93747
KRISTINE M. PALMER, )
)
Debtors. )

OPINION

This matter having come before the Court on Great Dane Limited Partnership's Motion for Leave to Have Proof of Claim Deemed Timely Filed; the Court, having heard arguments of counsel, reviewed written memoranda of the parties, and being otherwise fully advised in the premises, makes the following findings of fact and conclusions of law pursuant to Rule 7052 of the Federal Rules of Bankruptcy Procedure.

Findings of Fact

The material facts in this matter are not in dispute and are, in pertinent part, as follows:

1. On November 24, 2004, the Debtors filed for relief under Chapter 13 of the Bankruptcy Code scheduling Movant, Great Dane Limited Partnership, as an unsecured creditor.

2. On November 24, 2004, the Court sent a Notice of Chapter 13 Bankruptcy Case, Meeting of Creditor, & Deadlines to all scheduled creditors, setting a deadline to file proofs of claims for April 13, 2005. Among other things, the Notice advised that: "Papers must be received by the bankruptcy clerk's office by the following deadlines . . ."

3. In order to assert its claim against Debtor, Kristine M. Palmer, the Creditor, Great Dane Limited Partnership, attempted to file a Proof of Claim with this Court via Federal Express Next Day Delivery on April 8, 2005, some five calendar days before the deadline for filing proofs of claim.

4. The Proof of Claim, in paper form, filed by Creditor, Great Dane Limited Partnership, was received by the Bankruptcy Clerk's Office on April 11, 2005. Pursuant to present policy concerning electronic filing, the paper documents received by the Clerk's Office on April 11, 2005, were returned to counsel for Creditor, Great Dane Limited Partnership, with notification that the Proof of Claim must be filed electronically. Although on April 11, 2005, the Clerk's Office noted receipt of the Proof of Claim of Creditor, Great Dane Limited Partnership, the Proof of Claim was not docketed, and Creditor, Great Dane Limited Partnership did not know that its Proof of Claim had not been processed with the Court until April 21, 2005, when it received a notice sent by the Clerk's Office indicating that the Proof of Claim must be filed electronically as indicated in this Court's General Order Assigning All Cases to the Electronic Filing System Effective April 12, 2004.

5. Upon learning that its Proof of Claim had not been processed, nor docketed, Great Dane's counsel prepared the instant Motion seeking an order from the Court that its Proof of Claim be deemed timely filed. In addition, the Proof of Claim was electronically filed, albeit past the April 13, 2005, deadline.

Conclusions of Law

Considering the undisputed facts in this matter, the Court finds that the failure to electronically file the Proof of Claim of Creditor, Great Dane Limited Partnership, prior to

the claims bar deadline resulted from "excusable neglect" of Creditor's counsel. The determination of the type of neglect which is considered "excusable" is essentially an equitable decision based in part on the danger of prejudice to the debtor, the length of delay, and its potential impact on judicial proceedings, the reason for the delay, including whether it was within the reasonable control of the movant, and whether the movant acted in good faith. Pioneer v. Brunswick Associates, 507 U.S. 380, 113 S.Ct. 1489 (1993); Robb v. Norfolk & Western Railway Company, 122 F.3d 354 (7th Cir. 1997). In this case, reliance by counsel for Creditor, Great Dane, on the wording in this Court's Notice of the Chapter 13 filing was reasonable. Counsel for Creditor, Great Dane, does not routinely practice in this District, and, as such, was understandably unaware of this Court's policies concerning electronic filing. Based upon the wording in the Notice of Chapter 13 Bankruptcy Case, Meeting of Creditor, & Deadlines received by Creditor, Great Dane, its counsel was mislead into believing that proofs of claim could be filed in paper form. Given that the paper version of Great Dane's Proof of Claim was received prior to the claims bar date, the Court finds that, in the interests of justice and equity, the Motion for Leave to Have Proof of Claim Deemed Timely Filed should be allowed.

###